UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------

JULIO CESAR MEJIA OTAVALO,

                       Plaintiff,

  -against-

FORDEN & CO BUILDERS LLC and ELLE MARA
SAGAPONACK HOLDINGS II, LLC,

                    Defendants.
--------------------------------------------

CASE NO. 26-cv-03847

**COMPLAINT AND
JURY DEMAND**

Plaintiff, by and through attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1.     This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants, as well as violations of New York Labor Law, on March 12, 2026, in the County of New York, State of New York.

## II. JURISDICTION AND VENUE

2.     Jurisdiction is predicated upon 28 U.S.C. §1332 (a)(2) as plaintiff has not yet been granted the privilege of remaining permanently in the United States.

3.     The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4.     Venue lies in the Southern District of New York in that all defendants reside in New York State and one or more of the defendants reside within the Southern District of New York.

### III. THE PARTIES

5.     At all times herein mentioned, plaintiff JULIO CESAR MEJIA OTAVALO was and still is a citizen and resident of Ecuador.

6.     The defendant FORDEN & CO BUILDERS LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York.

7.     At all times herein mentioned, Alex Forden was and still is the sole member of defendant FORDEN & CO BUILDERS LLC.

8.     At all times herein mentioned, Alex Forden was and still is a citizen of the County of Suffolk, State of New York.

9.     The defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York.

10.     At all times herein mentioned, Jason Mudrick was and still is the sole member of defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

11.     At all times herein mentioned, Jason Mudrick was and still is a citizen of the County of New York, State of New York.

### IV. FACTUAL ALLEGATIONS

12.     On March 12, 2026, plaintiff JULIO CESAR MEJIA OTAVALO was performing certain construction work at the premises located at 53 Hedges Lane, Sagaponack, NY 11962 [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of

New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

13.    On March 12, 2026, plaintiff JULIO CESAR MEJIA OTAVALO was employed by Velecela Custom Carpentry Inc.

14.    At all times mentioned, the subject premises was owned by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

15.    At all times mentioned, the subject premises was leased by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

16.    At all times mentioned, the subject premises was operated by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

17.    At all times mentioned, the subject premises was controlled by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

18.    At all times mentioned, the subject premises was maintained by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

19.    At all times mentioned, the subject premises was managed by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

20.    At all times mentioned, the subject premises was supervised by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

21.    At all times mentioned, the subject premises was owned by defendant FORDEN & CO BUILDERS LLC.

22.    At all times mentioned, the subject premises was leased by defendant FORDEN & CO BUILDERS LLC.

23. At all times mentioned, the subject premises was operated by defendant FORDEN & CO BUILDERS LLC.

24. At all times mentioned, the subject premises was controlled by defendant FORDEN & CO BUILDERS LLC.

25. At all times mentioned, the subject premises was maintained by defendant FORDEN & CO BUILDERS LLC.

26. At all times mentioned, the subject premises was managed by defendant FORDEN & CO BUILDERS LLC.

27. At all times mentioned, the subject premises was supervised by defendant FORDEN & CO BUILDERS LLC.

28. That at some point prior to March 12, 2026, defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC, entered into an agreement with defendant FORDEN & CO BUILDERS LLC, wherein and whereby it was agreed, among other things, that defendant FORDEN & CO BUILDERS LLC would perform construction work and provide labor services at the subject premises.

29. That on March 12, 2026, defendant FORDEN & CO BUILDERS LLC was the general contractor working at the subject premises for defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC.

30. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

31. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

32.    That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

33.    That at some point prior to March 12, 2026, defendant FORDEN & CO BUILDERS LLC entered into an agreement with Velecela Custom Carpentry Inc., wherein and whereby it was agreed, among other things, that Velecela Custom Carpentry Inc. would perform construction work and provide labor services at the subject premises.

34.    That on March 12, 2026, Velecela Custom Carpentry Inc. was the subcontractor working at the subject premises for defendant FORDEN & CO BUILDERS LLC.

35.    Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

36.    Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

37.    That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

38.    That at some point prior to March 12, 2026, defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC, entered into an agreement with Velecela Custom Carpentry Inc., wherein and whereby it was agreed, among other things, that Velecela Custom Carpentry Inc. would perform construction work and provide labor services at the subject premises.

39.    That on March 12, 2026, Velecela Custom Carpentry Inc. was a contractor working at the subject premises for defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC

40.    Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

41.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

42.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

43.     That thereafter, and on or about March 12, 2026, defendant FORDEN & CO BUILDERS LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC

44.     That thereafter, and on or about March 12, 2026, Velecela Custom Carpentry Inc. was actually engaged in performing construction work and labor services at the subject premises, which was operated, controlled, maintained, managed and/or supervised by defendant FORDEN & CO BUILDERS LLC.

45.     That thereafter, and on or about March 12, 2026, Velecela Custom Carpentry Inc. was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC

46.     That at all times herein mentioned, and or about March 12, 2026, plaintiff JULIO CESAR MEJIA OTAVALO was actually engaged in the course of employment as a construction laborer by Velecela Custom Carpentry Inc., which said contractor was engaged by defendant FORDEN & CO BUILDERS LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant FORDEN & CO BUILDERS LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

47.    That at all times herein mentioned, and or about March 12, 2026, plaintiff JULIO CESAR MEJIA OTAVALO was actually engaged in the course of employment as a construction laborer by Velecela Custom Carpentry Inc., which said contractor was engaged by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

48.    That on or about March 12, 2026, plaintiff JULIO CESAR MEJIA OTAVALO was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment with his employer Velecela Custom Carpentry Inc., when he was caused to fall from an elevated height, thereby causing him to sustain gravity related and grievous personal injuries.

49.    That at all times herein mentioned, and on or about March 12, 2026, defendant FORDEN & CO BUILDERS LLC, its agents, servants and/or employees reserved onto itself a duty of general supervision, direction and control of the work being performed at the subject premises by Velecela Custom Carpentry Inc., plaintiff's employer.

50.    That at all times herein mentioned, and on or about March 12, 2026, defendant FORDEN & CO BUILDERS LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Velecela Custom Carpentry Inc., plaintiff's employer.

51.    That at all times herein mentioned, and on or about March 12, 2026, defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC, its agents, servants and/or employees

reserved onto itself a duty of general supervision, direction and control of the work being performed at the subject premises by Velecela Custom Carpentry Inc., plaintiff's employer.

52.    That at all times herein mentioned, and on or about March 12, 2026, defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Velecela Custom Carpentry Inc., plaintiff's employer.

53.    Defendant FORDEN & CO BUILDERS LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

54.    Defendant FORDEN & CO BUILDERS LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

55.    Defendant FORDEN & CO BUILDERS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

56.    Defendant FORDEN & CO BUILDERS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

57.    Defendant FORDEN & CO BUILDERS LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within

the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

58. Defendant FORDEN & CO BUILDERS LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

59. Defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

60. Defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

61. Defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

62. Defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

63. Defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff

was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

64.     Defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

65.     By reason of the foregoing, plaintiff JULIO CESAR MEJIA OTAVALO was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and plaintiff will permanently cause to suffer pain, inconvenience and other effects of such injuries plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff JULIO CESAR MEJIA OTAVALO will be unable to pursue plaintiff's usual duties with the same degree of efficiency as prior this accident, all to plaintiff's great damage.

## V. **FIRST CAUSE OF ACTION**

66.     The allegations of the preceding paragraphs are repeated here as if fully stated.

67.     Plaintiff JULIO CESAR MEJIA OTAVALO was injured due to defendants' negligence, carelessness and recklessness as stated herein.

68.     Plaintiff JULIO CESAR MEJIA OTAVALO has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VI. **SECOND CAUSE OF ACTION**

69.     The allegations of the preceding paragraphs are repeated here as if fully stated.

70.     On March 12, 2026, plaintiff JULIO CESAR MEJIA OTAVALO was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

71.     The work contracted for by the defendant FORDEN & CO BUILDERS LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

72.     The work contracted for by the defendant ELLE MARA SAGAPONACK HOLDINGS II, LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

73.     Plaintiff JULIO CESAR MEJIA OTAVALO was injured due to violations of New York Labor Law Sections 200, 240(1), and/or 241(6).

74.     Plaintiff JULIO CESAR MEJIA OTAVALO was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

75.     Plaintiff JULIO CESAR MEJIA OTAVALO has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VII. <u>DEMAND FOR TRIAL</u>

76.     Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of SIX MILLION ($6,000,000.00) DOLLARS, for the second cause of action in the amount of SIX MILLION ($6,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
      May 7, 2026

**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       CASE NO.   26-cv-03847

JULIO CESAR MEJIA OTAVALO,
                              Plaintiff,

     -against-

FORDEN & CO BUILDERS LLC and ELLE MARA SAGAPONACK HOLDINGS II, LLC,
                              Defendants.

**COMPLAINT AND JURY DEMAND**

**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777